IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| ALEXANDRIA WILLIAMS, on behalf of herself and all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>KOURY CORPORATION,<br><br>    *Defendant*. | Civil Action No. 1:23-cv-425<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1.  Plaintiffs are current and former employees of the Defendant, Koury Corporation, who have worked as servers and/or bartenders at the Koury Convention Center in Greensboro, North Carolina. Plaintiff brings this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), against the Defendant on behalf of themselves and all others similarly situated because of Defendant's unlawful deprivation of Plaintiffs' rights to the minimum wage. Plaintiff also brings this action in accordance with the North Carolina Wage and Hour Act (NCWHA) for failure to pay all wages earned. In addition, Plaintiff Alexandria Williams brings a claim of unlawful retaliation under 29 U.S.C. § 215(a)(3). Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq*. and the NCWHA, N.C. Gen. Stat. § 95-25.1, *et seq.*

## JURISDICTION AND VENUE

2.  Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a).

3. Venue lies within this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. At all times material, Plaintiffs have been employed by Defendant Koury Corporation as bartenders or servers. Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b).

5. Plaintiff Alexandria Williams was employed by Defendant at Koury Convention Center, located at 3121 West Gate City Blvd, Greensboro, North Carolina 27407, as a bartender from approximately March of 2022 until February 20, 2023, the date of her unlawful termination.

6. Defendant Koury Corporation is a corporation headquartered at 2275 Vanstory Street, Suite 200, Greensboro, North Carolina, 27403. Defendant does business in Greensboro, North Carolina through its ownership and operation of the Koury Convention Center, located within the Sheraton Greensboro at Four Seasons. Defendant's registered agent for service of process is Richard L. Vanore, Jr., located at 2275 Vanstory Street, Suite 200, Greensboro, North Carolina, 27403.

7. Defendant Koury Corporation is an "employer" within the meaning of 29 U.S.C. §203(d). Defendant is also a "person" within the meaning of 29 U.S.C. § 203(a).

8. At all times material to this action, Defendant has been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), and its annual dollar business volume has exceeded $500,000.

## FACTS

9. Defendant operates and manages the Koury Convention Center, which is located within the Sheraton Greensboro at Four Seasons, in Greensboro, North Carolina.

10. Plaintiffs are or were servers and/or bartenders for Defendant at Koury Convention

Center since on or before May 16, 2020.

11. Upon information and belief, Plaintiff and others similarly situated were paid an hourly rate of $7.25.

12. Plaintiff and others similarly situated scanned their thumbprints to enter and exit the building, and this scan would create a time record of when Plaintiffs arrived and left work, and when Plaintiffs took breaks.

13. At all times material, Defendant's computerized time and attendance system automatically deducted a 30-minute meal break period per work shift ("Meal Break Deduction Policy.")

14. Upon information and belief, Plaintiff and all others similarly situated are subjected to Defendant's "Meal Break Deduction Policy."

15. Given the demands of the restaurant and bar industry, Defendant knows that in order to perform their jobs, Plaintiff and others similarly situated cannot take their unpaid "meal break" or cannot take the full 30-minutes meal break.

16. Plaintiff and others similarly situated often perform compensable work for Defendant during their uncompensated "meal breaks."

17. Defendant does not ensure that Plaintiff and others similarly situated are completely relieved of their work duties during their uncompensated "meal breaks." As such, Plaintiff and others similarly situated are not routinely completely relieved of their job duties during their uncompensated "meal breaks."

18. Defendant does not prohibit Plaintiff and others similarly situated from working without taking a 30-minute meal break, and routinely suffers or permits Plaintiff and others similarly situated to perform such work.

19. Although Defendant automatically deducts 30 minutes from Plaintiffs' time and pay, Defendant expects Plaintiff and others similarly situated to be available to work throughout their shifts.

20. Defendant knows that Plaintiff and others similarly situated often work their entire shift without taking a 30-minute break.

21. Even though Defendant knows that Plaintiff and others similarly situated are working without taking a 30-minute unpaid meal break, Defendant fails to compensate Plaintiff and others similarly situated for their work.

22. Plaintiff Williams estimates that, on average, she was only able to take 2-3 15-minute breaks in a 5-day workweek. Plaintiff Williams rarely was able to take a full 30-minute meal break. Breaks of that duration are considered compensable time.

23. As a result of the Meal Break Deduction Policy, Plaintiff Williams had 2.5 hours of time automatically deducted from a 5-day workweek (30 minutes a day x 5 days a week). Plaintiff Williams therefore performed up to 2.5 hours of uncompensated work per week.

24. Because Plaintiff and others similarly situated are only paid the federally mandated minimum wage rate of $7.25 per hour, and because they regularly perform uncompensated work due to the Meal Break Deduction Policy, Plaintiffs' rate of pay while working for Defendant routinely dropped below the federally mandated minimum rate of pay of $7.25 per hour.

25. On February 2, 2023, Plaintiff Williams went to the Human Resources department to inquire about the Meal Break Deduction Policy. Plaintiff Williams expressed concern that she could not regularly take 30-minute breaks or could not regularly take a full 30-minute break, and therefore, was working without compensation. Human Resources told Plaintiff Williams that they would look into the issue. Upon information and belief, no change in policy or practice was ever

4

Case 1:23-cv-00425-CCE-JEP     Document 1     Filed 05/24/23     Page 4 of 11

made.

26. On February 3, 2023, Plaintiff William's direct supervisor, Desireé Littlefield made a notation in the time and attendance system that Plaintiff Williams was late to work two weeks prior.

27. On February 4, 2023, Plaintiff Williams had a conversation with her supervisor, and her supervisor's boss, Vladimir Florat about the Meal Break Deduction Policy. During this conversation, Plaintiff Williams was told that the back-dated late attendance notation was not retaliatory. Plaintiff Williams was also told that North Carolina does not have laws to protect its employees.

28. Approximately two weeks later, on February 16, 2023, Plaintiff William's supervisor held a shift meeting in which she attempted to clarify and change the Meal Break Deduction Policy. During this meeting, the supervisor stated that employees could either keep having 30-minutes taken out of their paychecks automatically, or, at the beginning of their shift, they could request a break at a specific time. If they chose the second option, and they were caught taking a break outside of the requested and approved time, they would be written up.

29. During this February 16, 2023, shift meeting, Plaintiff Williams asked why employees could not just clock out when they took a break and have the break time recorded that way, instead of being automatically taken out. In response, her supervisor became agitated and sent Plaintiff Williams home for the day.

30. On February 17, 2023, Plaintiff Williams had a conversation with Tim Peters, the General Manager of the Sheraton Greensboro at Four Seasons. Again, Plaintiff Williams expressed concern about the Meal Break Deduction Policy and working without compensation. She also stated that every time she went to Human Resources, things got harder at work. Tim Peters said

5

that he would look into the issue, and would meet with her again on the following Monday morning, February 20.

31. After leaving the meeting on February 17, Plaintiff Williams was pulled in Human Resources to have a meeting with her supervisor and supervisor's boss. In this meeting, her supervisor's boss, Vladimir Florat told her she needs to "watch her mouth."

32. After this second meeting on February 17, 2023, was complete, Plaintiff Williams only had approximately 10 minutes to open the bar by herself for work. Due to this time pressure, and the previous two meetings, Plaintiff Williams was under a great deal of stress and anxiety and had to leave work early.

33. Plaintiff Williams returned to work on Monday, February 20, 2023. However, she was unable to get a doctor's note for leaving work early on the prior Friday. After about 2 hours of work, Plaintiff Williams was called into the office of Marjory Casseus, another manager, where she learned that she had been terminated.

34. In the conversation with Marjory Casseus on February 20, 2023, Plaintiff Williams was told that "it's best with everything that's going on that we let you go."

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA

35. Defendant has violated the provisions of the FLSA, resulting in damages to Plaintiff Alexandria Williams, and all others similarly situated in the form of unpaid wages, liquidated damages, incurred and incurring costs, and reasonable attorneys' fees.

36. As a result of the minimum wage violations of the FLSA, Plaintiff and others similarly situated have suffered damages by failing to receive their lawful wages and failing to be paid the mandated minimum wage during their tenure of employment with Defendant. In addition to the amount of unpaid wages owing to Plaintiff, and those similarly situated, they are also entitled

6

to an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

37. Plaintiff Williams and all others similarly situated are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

38. Defendant's actions in failing to compensate Plaintiff and others similarly situated in accordance with the provisions of the FLSA were willful and not in good faith.

39. There are numerous other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Specifically, all employees and former employees of Defendant who have been employed by Defendant as servers and/or bartenders at the Koury Convention Center in Greensboro, NC should receive notice and the opportunity to join the present lawsuit.

## COUNT ONE

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES PURSUANT TO THE FAIR LABOR STANDARDS ACT

40. Plaintiff repeats and incorporate by reference the allegations set forth in Paragraphs 1 through 38, above.

41. At all times material herein, Plaintiff and others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

42. For the past three years, and prior, Defendant has consistently denied Plaintiff and similarly situated employees the minimum wage to which they are entitled under the FLSA by automatically deducting 30 minutes of work time from their pay checks for meal breaks which Plaintiff could not regularly take.

43. Plaintiffs were not paid at a federally mandated minimum wage due to Defendant's improper deduction.

44. 29 U.S.C. § 206(a)(1) provides that, at various times applicable to this case, employees shall be paid a wage rate of not less than $7.25 per hour. At all times material herein, Defendant has violated, and continues to violate, 29 U.S.C. § 206(a)(1), by failing and refusing to compensate Plaintiff, and other employees occupying the same positions, the required minimum wage.

45. Defendant has deprived Plaintiff and other similarly situated employees of the minimum wage by automatically deducting 30 minutes from their paycheck, regardless of whether Plaintiff and others took a break. This results in an hourly wage less than the minimum wage.

46. Defendant's violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

47. As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendant from Plaintiff and similarly situated persons for which the Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

48. The employment and work records for Plaintiffs are in the exclusive possession, custody, and control of Defendant, and Plaintiffs are unable to state at this time the exact amount owing to each of them. Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' payroll and other employment records from which the amounts of the Defendant's liability can be ascertained.

## COUNT TWO

**UNLAWFUL RETALIATION AGAINST ALEXANDRIA WILLIAMS UNDER THE FLSA**

49. Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1 through 47, above.

50. The FLSA makes it unlawful to discharge or in any other manner discriminate against an employee because that employee filed a complaint, instituted, or caused to be instituted any proceeding under the Act. 29 U.S.C. § 215(a)(3). The purpose of the anti-retaliation provision of the FLSA is to allow employees to report FLSA violations without fear of reprisal from their employer.

51. Plaintiff Williams engaged in a protected activity under the anti-retaliation provisions of the FLSA when she raised concerns to her employer regarding the Meal Break Deduction Policy at various times throughout February of 2023.

52. Defendant unlawfully retaliated against Plaintiff Williams by discharging her on February 20, 2023, less than three weeks after she first raised questions and concerns regarding Defendant's pay and break policies.

53. Pursuant to 29 U.S.C. § 216(b), Plaintiff Williams is entitled to any legal or equitable relief that is appropriate to effectuate the purpose of section 215(a)(3) of the FLSA. This includes reinstatement, payment of lost wages, liquidated damages, compensatory damages, and punitive damages as a result of Defendant's willful and knowing violation of the FLSA's anti-retaliation provisions.

54. Plaintiff Williams is also entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT III

### FAILURE TO PAY WAGES WHEN DUE UNDER NCWHA

55. Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1 through 53, above.

56. The NCWHA claim arises from Defendant's policy and practice of automatically deducting 30-minutes from employees' time in violation of N.C. Gen. Stat § 95-25.6.

57. The NCWHA requires that employees are paid all wages earned on the regular payday. N.C. Gen. Stat § 95-25.6.

58. The NCWHA violations occurred when Defendant failed to compensate Plaintiff and others similarly situated for each hour worked.

59. Defendant did not pay all wages due when those wages were due to Plaintiff and others similarly situated for compensable work time that Defendant allowed, suffered, and/or required Plaintiff and others similarly situated to work.

60. Defendant failed to pay all wages earned by Plaintiff on her regularly scheduled paydays.

61. Plaintiff and others similarly situated are entitled to damages from Defendant, in the amount of the unlawful deductions, plus liquidated damages in the same amount and costs and attorneys' fees under N.C. Gen. Stat § 95-25.22.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that this Court grant relief against the Defendant as follows:

(a) Enter a declaratory judgment declaring that Defendant has willfully and wrongfully violated its statutory and legal obligations and deprived Plaintiff and others similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b) Order a complete and accurate accounting of all the compensation to which Plaintiff and others similarly situated are entitled;

(c) Award Plaintiff and others similarly situated monetary damages under federal law

in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages equal to their unpaid compensation;

(d) Award Plaintiff and others similarly situated unpaid wages and liquidated damages for violation of the NCWHA.

(e) Award Plaintiff Williams damages reflecting lost wages and liquidated damages accrued as a result of Defendant's retaliatory conduct, as well as civil penalties, compensatory, liquidated, and punitive damages for harm suffered as a result of Defendant's retaliatory conduct;

(f) Award Plaintiff and others similarly situated their reasonable attorneys' fees to be paid by the Defendant as well as the costs and disbursements of this action; and

(g) Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

Dated: May 24, 2023

Respectfully submitted,

*/s/ Trisha Pande*
Trisha Pande, NC State Bar No. 53573
Patterson Harkavy LLP
100 Europa Drive, Suite 420
Chapel Hill, NC 27517
Phone: (919) 942-5200
Fax: (866) 397-8671
Email: tpande@pathlaw.com

*/s/ David Ricksecker*
David Ricksecker (*seeking Pro Hac Vice Admission*)
Rachel Lerner (*seeking Pro Hac Vice Admission*)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., NW
Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Fax: (202) 452-1090
Email: dr@mselaborlaw.com
Email: rbl@mselaborlaw.com